**Opinion issued March 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00156-CR

————————————

## IN RE SIDNEY O'NEIL SMITH, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator Sidney O'Neil Smith, a prison inmate proceeding pro se, filed this petition for writ of mandamus complaining that the trial court has failed to rule on several of his motions within a reasonable time.[*]  Smith was convicted of aggravated robbery in the 263rd District Court of Harris County in 1997, and this

---

[*] The underlying case is *State v. Sidney O'Neil Smith*, Cause No. 752152, in the 263rd District Court of Harris County, Texas, the Honorable Jim Wallace, presiding.

Court affirmed the judgment. *See Smith v. State*, No. 01-97-01409-CR, 1999 WL 82707, at *4 (Tex. App.—Houston [1st Dist.] Feb. 11, 1999, pet. ref'd) (mem. op., not designated for publication). In his petition, Smith asserts that he filed six motions in the district court—the earliest ("Motion for Ni[s]i Decree to Recall Mandate") having been filed on January 18, 2012—and that the trial court has not ruled upon any of them within a reasonable time. The six motions attached to Smith's petition, however, are all addressed to this Court rather than to the trial court. They do not bear signs—such as a clerk's stamp—that they were filed in any trial court, although two motions ("Final Motion to Bring Forth Disposition to All Claims in His Motion Ni[s]i Decree Recall Mandate" and "Motion to Compel") have respective cover letters addressed to the Harris County District Clerk.

Texas Rule of Appellate Procedure 52.7 requires that a relator file with its petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding[.]" TEX. R. APP. P. 52.7(a). This Court cannot presume that the trial court was aware of a motion or request and neglected to perform its duty to rule within a reasonable time; rather, it is incumbent upon the relator to demonstrate that the trial court was aware of the existence of its motion or request and failed or refused to act. *See State ex. rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210

(Tex. Crim. App. 2007) (orig. proceeding); *In re Fowler*, No 01-10-01082-CR, 2011 WL 1755482, at *2 (Tex. App.—Houston [1st Dist.] May 5, 2011, orig. proceeding) (per curiam).

The record filed with Smith's petition is not certified or sworn and does not demonstrate that any of the motions were filed in the underlying proceeding. Therefore the record furnished by Smith is inadequate for the purposes of mandamus review. *See* TEX. R. APP. P. 52.7(a). Moreover, Smith has not demonstrated that the trial court was aware of any of his motions and failed or refused to rule within a reasonable time. *Cf. In re Fowler*, 2011 WL 1755482, at *2.

Accordingly, we deny the petition for writ of mandamus. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).